(89 South. 63)

**SOVEREIGN CAMP, W. O. W., v. EASTIS.**
(8 Div. 67.)

(Supreme Court of Alabama. May 12, 1921.)

**1. Insurance ⊕817(1)—Burden on plaintiff to prove material allegations of complaint.**

The burden is on plaintiff in a suit on a fraternal benefit certificate to prove the material allegations of the complaint.

**2. Appeal and error ⊕843(1)—Questions not likely to arise on another trial not considered on appeal.**

Questions not likely to arise on another trial need not be considered on appeal, where the case is reversed and remanded on other grounds.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by Elvins Eastis against the Sovereign Camp of the Woodmen of the World, under beneficiary life certificate. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

C. H. Roquemore, of Montgomery, for appellant.

Counsel discuss count A, with the insistence that it was subject to the demurrers, but cite no authority. The defendant was entitled to the affirmative charge. 112 Va. 678, 72 S. E. 704, 38 L. R. A. (N. S.) 571; 188 Ill. App. 490; 43 Colo. 489, 96 Pac. 560, 24 L. R. A. (N. S.) 91, 127 Am. St. Rep. 123; 45 Wash. 572, 88 Pac. 1034; 82 Misc. Rep. 79, 143 N. Y. Supp. 107; 163 Ky. 346, 173 S. W. 802; 93 Me. 250, 44 Atl. 903; 110 Ga. 388, 35 S. E. 645; 109 Ark. 17, 159 S. W. 31; 212 Mass. 289, 98 N. E. 1039, Ann. Cas.

1913D, 345; **77 N. H. 590, 89 Atl. 301;** 11 Ala. App. 443, 66 South. 872.

Beddow & Oberdorfer, of Birmingham, for appellee.

The complaint was not demurrable. 80 South. 470; 202 Ala. 259, 80 South. 97; 201 Ala. 443, 78 South. 821. The defendant was not entitled to a directed verdict. 3 Ala. App. 483, 57 South. 147; 29 Cyc. 186, 198; 51 Utah, 144, 169 Pac. 269; 29 Cyc. 187, note 54.

PER CURIAM. This suit is on a beneficiary certificate issued by defendant mutual benefit society. The trial was had on count A, the general issue, special plea 4, to the effect that at the time of assured's death the beneficiary certificate was void, and plaintiff's replications 4 and 5.

Count A was free from grounds of demurrer assigned; and is in words and figures as follows:

"Plaintiff claims of the defendant the sum of $1,100 due by defendant to plaintiff for that heretofore on, to wit, the 11th day of May, 1914, defendant issued a beneficiary certificate to Wm. P. Eastis wherein in substance and legal effect the defendant agreed that, in consideration of Wm. P. Eastis paying monthly dues and assessments, and while in good standing, said defendant would pay to plaintiff, said Eastis' wife, upon the death of said Wm. P. Eastis, the sum of $1,000, and also agreed to pay the sum of $100 for the erectment of a monument, and plaintiff avers that while the said monthly dues and assessments had been paid, and while said Eastis was a member of defendant in good standing, and while said benefit certificate was in force and effect, on, to wit, September 23, 1918, said Eastis died, of which defendant has had notice, and said sums, together with interest, are due, owing, and unpaid, and said benefit certificate is the property of plaintiff."

The last recital in judgment entry relating to the pleadings and issues is as follows:

"Plaintiff withdraws all counts to the complaint except count A, and, issue being joined, thereupon came a jury of good and lawful men," etc.

[1] Thus it conclusively appears that the case was tried upon the general issue as to count A. The burden of proof was upon the plaintiff to prove the material allegations of this count before she was entitled to any verdict and judgment. The evidence shows without conflict that the plaintiff failed to prove the material averments in the complaint; that—

"While the said monthly dues and assessments have been paid, and while said Eastis was a member of defendant in good standing, and while said benefit certificate was in force and in effect on, to wit, September 23, 1918, said Eastis died."

The proof shows that assured was not a member of defendant and that all of his dues and assessments had not been paid, when he died. There was not only a failure of proof as to this material allegation, but it was in fact disproved. This being true, the plaintiff was not entitled to a verdict, and the trial court should have given the affirmative charge for the defendant as requested, and for this error the judgment of the lower court must be reversed and the cause remanded. McMillan v. Aiken, 205 Ala. 35, 88 South. 135; Sov. Camp v. Allen, ante, p. 41, 89 South. 58.

There was much unnecessary pleading in this case, requiring about 25 pages of the transcript to set out the same in a simple action on the beneficiary certificate in question. We may observe that plea 6 was apparently free from demurrer, so far as we can discover in the absence from the transcript of the demurrer assigned thereto.

[2] It is unnecessary to consider separately each of the 76 assignments of error. Many of the questions raised and challenged by these assignments will not arise on another trial.

For the error of the trial court in refusing the affirmative charge to the defendant, as requested in writing, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

All the Justices concur.