(96 South. 866)

## SOVEREIGN CAMP, W. O. W., v. EASTIS.
### (6 Div. 771.)

(Supreme Court of Alabama. June 9, 1923.)

1. **Insurance ⟨Key⟩755(2)—Supreme Camp or officers may waive conditions for its benefit notwithstanding statute.**

Gen. Acts 1911, p. 713, § 20, authorizing benefit association to limit right of local lodge or officers to waive provision of constitution or laws, does not apply to supreme camp or its officers, and they may waive conditions for the society's benefit so as to work an estoppel.

2. **Insurance ⟨Key⟩761—Conditions precedent to reinstatement not complied with where member died before papers reached sovereign clerk.**

Under by-laws of benefit insurance society requiring suspended member to present certificate of good health, pay four monthly installments, and be accepted by majority vote, and requiring camp clerk to immediately forward three installments and the certificate to sovereign clerk, and providing that upon receipt and acceptance thereof beneficiary certificate should be in full force, conditions precedent to reinstatement were not complied with where member was dead before sovereign clerk's receipt of the certificate, though he acknowledged its receipt.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action on beneficiary certificate by Elvina Eastis against the Sovereign Camp of the Woodmen of the World. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

C. H. Roquemore, of Montgomery, for appellant.

Counsel argue the errors assigned, but without citing authorities.

Beddow & Oberdorfer, of Birmingham, for appellee.

Forfeiture of insurance in a mutual benefit association on account of nonpayment of dues may be waived by demanding and receiving such dues after the death of the insured with knowledge of the death. Supreme Tribe, etc., v. Hall, 24 Ind. 316, 56 N. E. 780, 79 Am. St. Rep. 262; Burlington, etc., v. White, 41 Neb. 547, 59 N. W. 747, 43 Am. St. Rep. 701; 29 Cyc. 194. If the society recognizes the continuing existence of the contract by requiring proof of claims, which are furnished by the member or his beneficiary, the right to defend on previously known grounds of forfeiture, is lost. Reid v. Brotherhood (Mo. App.) 232 S. W. 185; Dist. Grand Lodge v. Hill, 3 Ala. App. 483, 57 South. 147; Fraternal, etc., v. Snider, 227 U. S. 497, 33 Sup. Ct. 292, 57 L. Ed. 611; W. O. W. v. Bohanna, 59 Colo. 545, 151 Pac. 428.

THOMAS, J. This is the second appeal. The former trial was upon count A, the general issue, and plea 4 setting up matter in avoidance of the policy. Sovereign Camp, W. O. W., v. Eastis, 206 Ala. 49, 89 South. 63. The second trial was had on count 2–A and the general issue.

Plaintiff introduced in evidence the beneficiary certificate, policy No. 57927, issued May 11, 1914, for $1,000, insuring the life of Wm. P. Eastis, and payable to plaintiff. The evidence further showed that assured had paid all of his assessments to the 1st day of April, but "failed to pay the assessment for April, 1918, and was suspended from defendant's order at the end of the 1st day of May, 1918." Thus was assured a member in good standing to said date, when he was suspended for failure of payment of the April assessments.

Plaintiff testified assured was her husband; that he died on September 23, 1918, being struck by a passenger train, which killed him, "about a quarter to seven," as he was going to work. The beneficiary certificate introduced in evidence contains recital that it is "issued and accepted subject to all the conditions on the back hereof and this certificate, together with the articles of incorporation, constitution and laws of the Sovereign Camp of the Woodmen of the World and the application for membership and medical examination of the member herein named and all amendments to each thereof shall constitute the agreement between the society and the member and copies of the same certified by the secretary of the society or corresponding officer, shall be received in evidence of the terms and conditions thereof and any changes, additions, or amendments to the articles of incorporation, constitution or laws duly made or enacted subsequent to the issuance of this benefit certificate shall bind the member named herein and his beneficiaries and shall govern and control the agreement in all respects the same as though such changes, additions or amendments had been made prior to and were in force at the time of the application for membership, also subject to the by-laws of the camp of which he is a member."

Section 117 of defendant's by-laws, introduced in evidence, requires of a member who has been suspended, for more than three months, and less than six months, to be restored to beneficiary membership, that he (1) present a certificate of good health from the camp physician; (2) be balloted for and receive a majority vote of the members present; and (3) that he shall pay four monthly installments of assessments and dues to the clerk of the camp. It would appear from this that after the "member" seeking restoration to beneficiary certificate has complied with the foregoing provisions of the by-laws, the duty is enjoined upon the camp clerk to forward immediately the three in-

stallments of assessments so paid, with the certificate of good health, to the sovereign clerk, and to place the fourth installment of assessment to the credit of the member as payment for the current month to the local camp. When this has been done, it is further declared in the by-laws that—

"Upon the receipt and acceptance of said three monthly installments of assessments by the sovereign clerk his beneficiary certificate shall be in full force and effect."

The record shows that the camp physician's certificate contains the statement of the fact that he had personally examined Wm. P. Eastis, a suspended member of Old Hickory Camp, No. 158, Woodlawn, state of Alabama, on the 19th day of September; was satisfied that he "is now in good health and has not had any serious illness or injury during the past six months; has not become a habitual user of intoxicants or opiates; is not engaged in an occupation prohibited by the laws of the society, and is worthy of reinstatement as a member in the order of the Woodmen of the World." This certificate, signed of date September 19, 1918, is made a part of the application of said Eastis for reinstatement, which application contains statements on the part of the applicant as to good health, etc. And this record shows that, so far as his death was concerned, he was in good health; his death being caused as the result of collision. The record further shows the certificate of said camp clerk to the defendant, or its sovereign clerk, was to the effect that Sovereign Wm. P. Eastis, certificate No. 57927, has "this day paid four monthly installments of assessment" (stating the amount) and "four month's camp dues" (stating the amount), and that he "has been accepted by a majority vote of the camp," etc., for reinstatement; that the inclosure to the sovereign clerk was of draft "for the amount of three installments of assessment, payable to the order of the sovereign banker," which was of date September 21, 1918.

A witness for the plaintiff, Mr. Beggs, as clerk of the Old Hickory Camp, No. 158, testified of the due proceedings for reinstatement of Sovereign Eastis, the receipt of the certificate of good health and all dues, as indicated; that such subordinate clerk remitted the "Eastis money or assessment to the sovereign clerk on September 23d the Monday following Thursday," with "other moneys for two other sovereigns that were reinstated the same night"; and that at the time he mailed said check or exchange for the amounts to the sovereign clerk he did not know of the death of Eastis.

It is further shown that after the mailing of the health certificate and dues (of Wm. P. Eastis) in question, to the clerk of the Sovereign Camp at Omaha, Neb., they were received on September 26, 1918, and the clerk of the local camp had acknowledgment thereof, in due course of mail, from the duly constituted authority at Omaha. It is further shown that the notice of the death of Wm. P. Eastis and the beneficiary certificate were mailed to defendant on September 28th, and received in Omaha, Neb., October 1st; and on October 4th blanks for the proof of death were sent out to the clerk of the local camp, or to the beneficiary, which were executed of date October 10th and returned to defendant, who rejected the claim on October 25th, and ordered the dues to be refunded (November 1, 1918); but the beneficiary certificate was never returned.

[1, 2] The Acts of 1911 (Gen. Acts, pp. 700, 713) § 20, authorized the association to limit by by-laws the right of a local lodge, or its officers, to waive any provision of the constitution, or laws, of the society. The supreme camp, or its supreme officers, are not within the purview of the act. Such persons in supreme authority may waive conditions of the policy that were for the benefit of the defendant for the society as to work an estoppel. U. O. of G. C. v. Hooser, 160 Ala. 334, 341, 49 South. 354; Mutual L. I. Co. v. Lovejoy, 201 Ala. 337, 78 South. 299, L. R. A. 1918D, 860; Woodmen of the World v. Alford, 206 Ala. 18, 24, 89 South. 528. Such is not the case presented by the evidence. At the time of the receipt and inspection of the certificate as to the reinstatement of Eastis by the sovereign clerk, said Eastis was dead. Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 South. 175; Sovereign Camp v. Eastis, 206 Ala. 49, 89 South. 63. The conditions precedent to reinstatement had not been complied with as per provisions of section 117 of the by-laws in evidence. The affirmative charge should have been given for the defendant.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.