THE NATIONAL COUNCIL OF THE KNIGHTS AND LADIES OF SECURITY, A CORPORATION, *Plaintiff in Error,* v. NIXON J. SMILEY, IRENE MORRIS AND SAM MORRIS, MINORS, AND ELIZABETH STRICKLAND, *Defendants in Error.*

Opinion Filed February 14, 1924.

This case was decided by Division B.

1. The constitution and by-laws adopted by a mutual benefit insurance company for its government are an important element of the contract in this case, and their terms presumed to have been known to a policy holder.

2. The beneficiaries under a mutual benefit insurance policy brought suit to recover the face of the policy and damages. At the trial they introduced the policy and rested. The insurer offered its pleas supported by testimony to the effect that at the time of death the insured had been suspended from

membership in the society for nonpayment of dues as required by its constitution and by-laws. *Held*, that this was a complete defense and shifted the burden to plaintiffs, the beneficiaries, of showing by competent preponderating testimony that the insured was at the time of her death a member in good standing of the defendant society.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment reversed.

*Baker & Baker*, for Plaintiff in Error;

*Butler & Boyer*, for Defendants in Error.

TERRELL, J.—Nixon J. Smiley, Irene Morris, and Sam Morris, Minors, by P. N. Strickland, their next friend, and Elizabeth Strickland, sued The National Council of the Knights and Ladies of Security in an action at law in Duval County.

The declaration is in two counts, the first count in substance alleging that The National Council of the Knights and Ladies of Security on the 11th day of September, A. D. 1917, at Topeka, Kansas, made and executed its certain instrument in writing commonly called a policy of Life Insurance, and for a good, valuable and sufficient consideration paid to it by Ruby Smiley of Baldwin, Florida, delivered the same to the said Ruby Smiley thereby then and there agreeing to pay to the plaintiffs in the event of the death of the said Ruby Smiley the sum of $2,000.00 as per terms stated in the said policy attached to and made a part of the declaration as Exhibit "A."

It is further alleged that after the delivery of said policy on October 15th, A. D. 1918, in Charleston, South Caro-

lina, the said Ruby Smiley departed this life; that on the 25th day of November, A. D. 1919, the plaintiffs gave to defendant notice of the death of said Ruby Smiley; that on February 22nd, 1919, plaintiffs furnished to defendant proof of the death of the said Ruby Smiley; that the said Ruby Smiley during her lifetime kept, performed and complied with all the terms, provisions and conditions of the said policy, and that plaintiffs have at all times kept, performed and complied with all the terms and provisions of the said policy required by them to be kept and performed.

It is further alleged that by reason of the foregoing facts defendant became liable to the plaintiffs in the sum of $2,000.00 according to the terms of said policy with interest thereon at 8% per annum from date of furnishing notice and proof of death, that although often requested by plaintiffs to pay the said sum as provided in said policy, defendant has wholly neglected and refused to pay the same or any part thereof, to the damage of the plaintiffs in the sum of $4,500.00.

The second count of the declaration is the same as the first count except it alleges that plaintiffs are entitled to recover attorneys' fees.

To the foregoing declaration defendant interposed four amended pleas which are in substance that defendant is a fraternal beneficiary society, organized and existing under the laws of Kansas and authorized to do business under the laws of Florida; that it has a representative form of government with ritualistic work; that for mutual convenience its members are grouped together in lodges called subordinate councils; that for government and control its members have adopted a constitution and by-laws; that the constitution and by-laws so adopted the application for membership in its beneficiary department by Ruby Smiley and the beneficiary certificate or policy attached

to the declaration constitute the contract between the parties; that it is provided in the beneficiary certificate or policy as a condition precedent for any recovery that Ruby Smiley should have complied prior to her death with the constitution and laws of defendant required to be complied with by her, which she did not do in that she did not pay the monthly assessments for the months of May, June, July, August and September, 1918, to-wit, the sum of $1.45 per month as per terms, conditions and penalties prescribed in laws 103, 104 and 112 of defendant, by reason of which the said Ruby Smiley in her lifetime was suspended and forfeited all her rights under the said policy as provided in defendant's laws, section 112, the pertinent part thereof being as follows:

"Sec. 112. Members Suspended by Their Own Act. The Financier of each Subordinate Council shall keep a book wherein all regular and special assessments and dues received from each member holding a valid certificate shall be credited. Such entries shall be made showing the date when actually received by the Financier. All assessments for every month shall become due and payable on the first day of the month. The certificate of each member who has not paid such assessment or assessments and dues on or before the last day of the month shall, by the fact of such non-payment, stand suspended without notice, and no act on the part of the Council or any officer thereof, or of the National Council, shall be required as essential to such suspension, and all rights under said certificate shall be forfeited."

It is further alleged in the amended pleas that the beneficiary certificate or policy provided that Ruby Smiley should be a member of defendant in good standing at the time of her death to entitle her beneficiaries to recover on same, and that for reasons stated in laws 103, 104 and 112

herein, she was not in good standing at the time of her death, but had in fact been suspended. It is further alleged that prior to execution of said certificate or policy Ruby Smiley filed application therefor, in which she agreed that should she cease to be a member of the order by suspension, expulsion or otherwise, she would forfeit all claim to any funds of the defendant.

The fourth amended plea alleged defendant's right to certain credits against the policy, which were recognized in the verdict and judgment. This plea need not therefore be further considered here.

Issue was joined on the foregoing amended pleas, the case went to trial, and the jury returned a verdict for plaintiffs in the sum of $1,502.00 with interest at 8% per annum from February 22nd, 1919, together with an attorney's fee of $250.00. On this verdict judgment was entered, a new trial was denied, and defendant took writ of error from this court.

There are ten assignments of error, and the case is well presented on both sides, briefs of counsel being very illuminating as to questions raised, but on an analysis of the whole matter presented, we are persuaded that the sole question necessary for our determination is whether or not the evidence shows such a compliance with the terms of the contract on the part of Ruby Smiley entered into by her and the plaintiff in error as would entitle her beneficiaries, defendants in error, to recover.

The constitution and by-laws adopted by plaintiff in error for its government are an important element of the contract in this case, and their terms presumed to have been known to Ruby Smiley. Kennedy v. The Grand Fraternity, 36 Mont. 325, 92 Pac. Rep. 971, 25 L. R. A. (N. S.) 78; Knights of Columbus v. Burrough's Beneficiary, 107 Va. 671, 60 S. E. Rep. 40, 17 L. R. A. (N. S.) 246;

144    SUPREME COURT OF FLORIDA.

National Council of K. & L. of S. v. Smiley et al.—Opinion of Court.

Lehman v. Clark, 174 Ill. 279, 51 N. E. Rep. 222, 43 L. R. A. 648; Gilmore v. Modern Brotherhood of America, 186 Mo. App. 445, 171 S. W. Rep. 629; Day v. Supreme Forest, Woodmen Circle, 174 Mo. App. 260, 156 S. W. Rep. 721; Boyce v. Royal Circle, 99 Mo. App. 349, 73 S. W. Rep. 300; Modern Woodmen of America v. Tevis, 117 Fed. Rep. 369.

At the trial plaintiffs introduced the insurance policy or beneficiary certificate and some testimony as to what would be a reasonable attorney fee, and rested.

Defendant called Charles Lenz, who testified that he and Ruby Smiley were members of Baldwin Council No. 3144, Knights and Ladies of Security, he being president and Ruby Smiley financier; that said Ruby Smiley had charge of the books and collected all dues for the local council; that Ruby Smiley left Baldwin, Florida, in April or May, 1918, and never returned; that the last meeting of the council was held about April, 1918; that the council disbanded after Mrs. Smiley's departure, and she had all the books of the council and was the only one that ever collected dues; that he had never had the books of the council, did not know where they were; that he heard of Mrs. Smiley's marriage and death; that no one collected dues but her; that the council was disbanded and no meeting was held after Mrs. Smiley left.

J. V. Abrahams, National Secretary of the defendant, by deposition outlined in detail the system of bookkeeping employed by it to keep check on the standing of the individual members of its subordinate councils. He further testified that he had charge of the books and records of the defendant, which was a fraternal benefit association doing business on the lodge plan with ritualistic form of work, incorporated not for profit under the laws of Kansas, and authorized to do business under the laws of Florida. He further testified that Baldwin Council voluntarily

went out of existence in May, 1918, when it had dwindled to seven members; that the financier (Ruby Smiley) did not send in any further reports for any payments on account of any members after the month of April, 1918, and the council became suspended under the laws of the society; that Ruby Smiley was financier of Baldwin Council No. 3144 throughout its entire existence; that she made monthly reports as required by the by-laws each month the council was in existence, and that the last report received from her shortly after the month of April, was the report for collections for April, 1918, and that there was no record in his office of any payment ever having been made for or on account of Ruby Smiley after the payment which was made on her account for the month of April, 1918, and shown in last report which the society received from her said report showing that she was remitting for herself for the said month of April, 1918.

No testimony was offered by plaintiffs to contradict that of Lenz and Abrahams except a letter dated Nov. 25, 1918, addressed to Mrs. E. B. Strickland, one of the plaintiffs, and bearing the signature of "J. V. Abrahams, National Secretary," the first paragraph of which letter was as follows:

"Your letter of the 18th inst. notifying me of a death in your council came to hand, and herewith enclosed find death proof blanks to be used in making claim on account of the death of Sister Smiley. As according to our records her certificate was in good standing at the time of her death."

This letter contained further instructions with reference to making out death proofs which is not necessary to be adverted to in this connection.

J. V. Abrahams explained by deposition that the foregoing letter was a form letter usually sent out in case of

persons asking for blanks; that it was not sent by him personally, but was sent by an inexperienced clerk who was temporarily in the office, and at a time when help was hard to get.

The pleas supported by the testimony of Lenz and Abrahams set up a complete defense to the declaration and placed the burden on plaintiffs below of refuting the evidence of Lenz and Abrahams and showing by competent or preponderating testimony that Ruby Smiley was at the time of her death a member in good standing of Baldwin Council, Knights and Ladies of Security No. 3144, or had as the by-laws of defendant provided been transferred to some other subordinate council in which she was a member in good standing at her death. Siebert v. Supreme Council of the Order of Chosen Friends, 23 Mo. App. 268; Sovereign Camp W. O. W. v. Eastis, 206 Ala. 49, 89 South. Rep. 63.

Under by-law 112 of defendant below supported by the defense herein referred to, Ruby Smiley was automatically suspended from Baldwin Council, Knights and Ladies of Security, in May, 1918, and was not reinstated or transferred to any other council. The testimony submitted by plaintiffs does not refute this defense. The refusal to grant a new trial was therefore erroneous.

The judgment is reversed and the cause remanded.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.