MARY DILLON, Plaintiff in Error, *vs.* THE NATIONAL COUNCIL, KNIGHTS AND LADIES OF SECURITY, Defendant in Error.

*Opinion filed February 16, 1910—Rehearing denied April 6, 1910.*

1. BENEFIT CERTIFICATES—*when payment of assessments does not revive certificate.* Where the by-laws of a benefit society provide that a certificate shall be forfeited upon failure to pay assessments when due and that no rights shall be restored unless the member is re-instated, which re-instatement cannot be had unless the member is living and in good health, payment of overdue assessments after the member's death does not revive the certificate nor restore the beneficiary's rights. (*Jones* v. *Knights of Honor,* 236 Ill. 113, distinguished.)

2. SAME—*when question of waiver is settled by the Appellate Court's judgment.* A finding by the Appellate Court, in its judgment reversing a judgment on a benefit certificate, that deceased

had failed to pay an assessment and that the default continued after her death and that the benefit society was not indebted to plaintiff, settles the question of waiver of payment by the society.

3. APPEALS AND ERRORS—*Appellate Court's finding on a mixed question of law and fact is binding.* A finding by the Appellate Court upon a controverted question of fact is binding upon the Supreme Court in a suit at law, even though it was necessary for the Appellate Court to apply legal principles to reach its conclusion, thereby making the question a mixed one of law and fact.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

EDMUND S. CUMMINGS, for plaintiff in error:

A benefit certificate is not forfeited by reason of the member not having paid certain assessments, where such assessments are not made in accordance with the laws. *United Workmen* v. *Bagley,* 164 Ill. 340.

Where a beneficiary society is fully advised by the beneficiary, after the member's death, of all the facts on which the forfeiture of the benefit certificate may be insisted upon by the society, and the society does not then insist upon a forfeiture upon that ground but recognizes the validity of the insurance by requiring the beneficiary to go to the trouble and expense, if any, of preparing proof of the death of the member, an intention to waive the right of forfeiture follows as a legal result. *Life Ins. Co.* v. *Johnson,* 200 Ill. 359; *Insurance Co.* v. *Grunert,* 112 id. 68; *Kidder* v. *Life Indemnity Co.* 94 Wis. 538; *Titus* v. *Insurance Co.* 81 N. Y. 410.

Where a member of a benefit society stands suspended from the society, at the time of his death, for failure to pay certain assessments required by the laws of the order to be paid by him, and after his death such delinquent assessments are paid to the society, and the society, with full knowledge of the facts, accepts and retains such assess-

ments, the society thereby waives the right of declaring a forfeiture of the contract for failure by the member to pay the assessments prior to his death and within the time required by the laws of the order. *Erdmann* v. *Insurance Co.* 44 Wis. 376; *Modern Woodmen* v. *Jameson,* 48 Kan. 718; *Wiberg* v. *Relief Ass'n,* 73 Minn. 297; *Benefit Ass'n* v. *Beck,* 77 Ind. 203; *Fraser* v. *Insurance Co.* 39 Ore. 342.

If the practice of a benefit society and its course of dealings with the member, and other members known to such member, has been such as to induce a belief that so much of the contract as provides for a forfeiture in a certain event will not be insisted on, the company will not be allowed to set up such forfeiture as against one in whom its conduct has induced such belief; and under such facts it is not essential that the delinquent assessment be paid or tendered before the death of the member. *Jones* v. *Knights of Honor,* 236 Ill. 113; *Illinois Life Ass'n* v. *Wells,* 200 id. 445; *Life Ins. Co.* v. *Warner,* 80 id. 410; *Mueller* v. *Grand Grove,* 69 Minn. 236; *United Workmen* v. *Lachman,* 199 Ill. 140; *Reisz* v. *Legion of Honor,* 103 Wis. 427.

Where there is no conflict in the evidence and the same is uncontradicted, harmonious and consistent, the questions at issue become questions of law for the determination of the court. *Railroad Co.* v. *Howell,* 208 Ill. 155.

A. W. FULTON, for defendant in error:

The finding of the Appellate Court on a mixed question of law and fact, such as the facts constituting a waiver or estoppel, are conclusive in the Supreme Court. *Roemheld* v. *Chicago,* 231 Ill. 467; *Moerschbaecher* v. *Royal League,* 188 id. 9; *Coverdale* v. *Royal Arcanum,* 199 id. 649; *Life Ins. Co.* v. *Sanford,* 200 id. 126; *Binkert* v. *Railway Co.* 98 id. 205; *Cheney* v. *Cross,* 181 id. 31; *Meyer* v. *Butterbrodt,* 146 id. 131; *Stock Yards* v. *Ferry Co.* 102 id. 514.

Even where there is no controversy over the facts approved, admitted or agreed upon, if a different conclusion

of facts may be drawn from the evidence the Appellate Court is not precluded from rendering a different judgment from the trial court on the facts. *Manthei* v. *Railway Co.* 232 Ill. 568; *Weeks* v. *Railway Co.* 198 id. 551; *Pawlak* v. *Smith,* 233 id. 403; *Hecker* v. *Railway Co.* 231 id. 574; *Jones* v. *Railway Co.* 231 id. 302.

Where a member of a benefit society is suspended at the time of death, payment on her account after death can not re-instate her, and such payment is of no effect whatever. *Brown* v. *Legion of Honor,* 81 Iowa, 400; *Knights and Ladies of Security* v. *Dillon,* 212 Ill. 320; *Borgrave* v. *Supreme Lodge,* 22 Mo. App. 127; *Lyon* v. *S. A. R. S.* 153 Mass. 83; *Rice* v. *United Workmen,* 72 N. W. Rep. 770; *Court of Honor* v. *Dinger,* 221 Ill. 176.

A by-law providing for suspension of a member, without notice, in case of default in payment in time is self-executing, and until the member complies with the by-law relating to re-instatement he carries his own risk. *Field* v. *Knights and Ladies of Security,* 89 N. W. Rep. 774; *Lehman* v. *Clark,* 174 Ill. 279; *Chapple* v. *Sovereign Camp,* 64 Neb. 55.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action brought by plaintiff in error, Mary Dillon, in the superior court of Cook county, against defendant in error, the National Council Knights and Ladies of Security, a fraternal beneficiary society, to recover upon a benefit certificate issued by defendant in error to Hanora McCaffrey, a member of said society, and payable, upon her death in good standing in said order, to plaintiff in error. On a trial in the superior court the jury returned a verdict in favor of plaintiff in error for $1309.40, being the amount of the certificate and interest. Judgment being entered on this verdict, an appeal was taken to the Appellate Court, where the judgment was reversed with a finding of fact that "the court, upon the allegations and

proofs in the record of this cause contained, doth find that Hanora McCaffrey failed to pay the February, 1900, assessment due on the certificate sued on and that such default continued until after her death, and the appellant herein, the National Council Knights and Ladies of Security, is not indebted to Mary Dillon, appellee." From the finding and judgment of the Appellate Court a writ of error was sued out of this court June 22, 1909.

This cause has been to this court before. (212 Ill. 320.) The facts are fully set out there and need not be repeated here in detail.

Hanora McCaffrey died March 16, 1900. The February and March assessments had not been paid at that date. The next day plaintiff in error, Mary Dillon, went to the home of Cornelius Ryan, the financial secretary of the subordinate council, and left the amount of these two assessments with a daughter of Mr. Ryan. On the former trial he testified that he did not recall whether he had sent to the grand lodge the money which had been paid him for the insured member after her death, while on this trial he testified that he did so send it. His testimony, however, on this point seems to be a conclusion that he drew from his records, and they are not very clear. It is urged that defendant in error by thus accepting this payment waived the requirements of the by-laws that it should be paid at an earlier date. In the by-laws of defendant in error it is provided that the certificate of a suspended member shall be forfeited upon failure to pay the assessment on or before a certain date, and that "no right under such certificate shall be restored until it has been duly re-instated by compliance by the member with the laws of the order with reference to re-instatement." The by-laws further provide that "any beneficiary member suspended by reason of non-payment of assessments may be re-instated upon the following conditions and none other, viz.: If living and in as good health as when suspended," etc. This court de-

cided in the former case that under the by-laws of defendant in error a suspended member could only be re-instated if living.   The holding in that case on this point is sustained by *Miller* v. *Union Central Life Ins. Co.* 110 Ill. ·102, and *Court of Honor* v. *Dinger,* 221 id. 176.

It is insisted that *Jones* v. *Knights of Honor,* 236 Ill. 113, holds to the contrary.   We think otherwise.   In that case the by-laws of the organization did not contain the provisions here under consideration.   In that case, also, the benefit society submitted to the jury, without objection, the question whether there had been a waiver of the requirement of prompt payment of the assessment for the beneficiary.   Furthermore, we are disposed to hold that this question of waiver was settled adversely to plaintiff in error by the finding of fact by the Appellate Court.   When that court has made a finding of fact this court can only look into the record to ascertain whether that court has properly applied the law to the facts so recited in its judgment.   *Scheevers* v. *Illinois Central Railroad Co.* 235 Ill. 227; *Kehoe* v. *Field & Co.* 237 id. 470; *Peterson* v. *Sears, Roebuck & Co.* 242 id. 38.

It is, however, insisted by plaintiff in error that the finding of fact contains conclusions of law as well as of fact, and that such conclusions of law are not binding on this court.   It is perhaps true that in finding the ultimate facts the Appellate Court was compelled to apply legal principles to reach its conclusions, thereby making the question to be decided a mixed one of law and fact.   The findings of the Appellate Court of that character are conclusive in this court.   (*Roemheld* v. *City of Chicago,* 231 Ill. 467; *McGovney* v. *Melrose Park,* 241 id. 142.)   All other questions urged in the briefs are included in the finding of fact by the Appellate Court, and we are bound thereby.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*