## Sovereign Camp W. O. W. v. Jones.

### Assumpsit.

(Decided November 10, 1914.  66 South. 834.)

1. *Appeal and Error; Harmless Error; Pleading.*—Any error in sustaining demurrer to special pleas is harmless where defendant has the benefit of the same matter under other special pleas to which no demurrers were sustained.

2. *Same; Review; Matters Shown.*—Where the bill of exceptions does not disclose the action of the court in striking some of the special pleas, or that any exception was reserved thereto, such rulings are not presented for review on appeal.

3. *Insurance; Fraternal; Forfeiture; Waiver.*—Where the beneficiary's certificate stated that a failure to pay any monthly assessment would result in a suspension of the member holding, but that on payment of arrearage and dues and the presenting of the statement of good health, such member should be re-instated, and a member who failed to pay the June assessment and on July 17, applied for re-instatement by paying arrearages and dues and filing a statement of good health, which was received by the clerk of the local camp and transmitted on August 2, to the sovereign clerk who received it August 6; and on August 8, the member died, but without any knowledge of such death on August 16, the sovereign clerk wrote the clerk of the local camp declining to accept the remittance, returning it with the statement that the communication from the doctor of the member showed that at the time the member applied for re-instatement he was convalescent, but had not recovered his good health, there was no waiver of the forfeiture.

4. *Same; Forfeiture; Estoppel.*—In the absence of anything to indicate that the beneficiary in the certificate was led or induced to act or to omit to act by the retention of the remittance for the limited period stated, the fraternal association was not estopped to rely on the forfeiture.

5. *Contract; Forfeiture; Waiver.*—Waiver by a party to a contract of the right to forfeit it cannot be inferred in the absence of language or conduct of the party inconsistent with an intention on his part to insist on or claim the benefit of a forfeiture, and cannot be inferred from mere silence.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Bessie B. Jones against the Sovereign Camp W. O. W., upon a fraternal benefit certificate. Judgment for plaintiff and defendant appeals. Reversed and remanded.

C. H. ROQUEMORE, and E. T. GRAHAM, for appellant. There was no evidence of a waiver by Yates, and the affirmative and other charges requested by defendant should have been given.—*Mobile L. I. Co. v. Pruett,* 74 Ala. 477; *United O. G. C. v. Hooser,* 49 South. 354; *Sup. Lodge v. Quinn,* 29 South. 826; *Kennedy v. Metropolitan Co.,* 40 South. 533; 92 N. W. 206; Bliss on Life Insurance sec. 190; 25 Cyc. 859. Counsel discuss the other assignments of error in the light of these authorities, with the insistence that the cause should be reversed and remanded.

PACE & LEE, for appellee. The case should be affirmed on the following authorities.—*Ins. Co. v. Harvey,* 60 South. 602; *W. O. W. v. Wright,* 60 South. 1006; *I. O. O. F. v. Hill,* 57 South. 147; *Continental C. Co. v. Ogburn,* 57 South. 853.

PER CURIAM.—This action upon a contract of insurance of a fraternal benefit association was sought to be defended on the ground that the insured, A. B. Jones, prior to his death, by a nonpayment of dues, forfeited his membership in the association and all rights under the contract or certificate issued to him and which is the basis of the suit.

The appellant (defendant below) was not injured by the action of the court in sustaining demurrers to certain of its special pleas, as, under other special pleas which were unsuccessfully demurred to, it had the benefit of the same matter of defense which was sought to be availed of by the pleas which were out on demurrers to them. The action of the court in striking some of the defendant's special pleas is not presented for review, as the bill ·of exceptions does not disclose that action or that any exception was reserved to it.—*Aetna Life Ins. Co. v. Lasseter,* 153 Ala. 630, 45 South. 166, 15 L. R. A. (N. S.) 252; *Holley v. Coffee,* 123 Ala. 406, 26 South. 239.

The following state of facts was shown by the averments of plea 13: The benefit certificate sued on was accepted by said A. B. Jones (hereinafter referred to as the insured), subject to the conditions contained therein, and subject to the laws, rules, and regulations of the defendant order then in force and that might thereafter be enacted. One of the conditions contained in the certificate was that the insured would pay to the defendant at least one assessment of 90 cents each month, and

that, if he should fail to pay the same, he should thereby become suspended from the order, and said benefit certificate would become null and void. The insured failed to pay the assessment for June, 1906, and thereby became suspended from the order on the 1st day of July, 1906. On or about the 17th day of July, 1906, the insured made application to the defendant to be reinstated by paying all arrearages and dues, and signed a written statement and warranty by himself that he was in good health, and not addicted to excessive use of intoxicants. A regulation of the defendant order provided as follows:

"Should a suspended member pay all arrearages and dues to the clerk of his camp within 10 days from the date of his suspension, and if in good health and not addicted to the excessive use of intoxicants or narcotics, he shall be restored to membership and his beneficiary certificate again become valid. After the expiration of ten days, and within three months from the date of suspension of a suspended member, to reinstate he must pay to the clerk of his camp all arrearages and dues and deliver to him a written statement and warranty, signed by himself and witnessed, that he is in good health and not addicted to the excessive use of intoxicants or narcotics as a condition precedent to reinstatement, and waiving all rights thereto if such written statement and warranty is untrue. Any attempted reinstatement shall not be effective for that purpose unless the member be, in fact, in good health at the time, and if any of the representations or statements made by the applicant are untrue, then said payments shall not cause his reinstatement nor operate as a waiver of the above conditions."

At the time the insured paid to the clerk of his camp all arrearages and dues, and delivered to him a written statement and warranty, signed by himself and witnessed, as required by the above-quoted regulation, his

statement therein that he was in good health was untrue. Demurrers to this plea having been overruled, the plaintiff replied thereto, her replication 4, averring, in substance, as follows: Although the insured was not in good health at the time he paid the arrearages and dues for June, 1906, and made in writing his statement of good health, the Sovereign Camp of the defendant, with knowledge of the falsity of said statement, received, retained and accepted said arrearages and dues, and did not return the same until after the death of the insured, retaining the same for 20 days or more, and thereby the defendant estopped itself to set up the alleged breaches by the insured of the contract sued on as a forfeiture of said contract. The court overruled a demurrer to this replication which assigned, among other ground, the following:

"Because said replication does not allege such matters and things as show an estoppel on the defendant. * * * Because the said replication does not show that a reasonable time elapsed after the Sovereign Camp received said application and payment and before the death of A. B. Jones for the said Sovereign Camp to return the money. * * * Because it does not show that the Sovereign Camp elected to return the said money, and that it does not elect to return said money immediately upon receipt of notice of the fact set up in said replication, and it had a reasonable time thereafter before the death of Aaron B. Jones to return said money."

We are of opinion that the demurrer to the replication should have been sustained. Its averments would have been supported by proof that the Sovereign Camp, after the death of the insured, but without knowledge of that fact, received, retained, and accepted said arrearages and dues, retaining the same for 20 days or

more after such receipt; or that, though the insured was living at the time the Sovereign Camp received the remittance, his death occurred before the lapse of a reasonable time for it to determine whether it would accept or reject the payment tendered and before it did anything indicating a purpose or intention on its part to accept and retain the remittance. If, as the averments of the plea showed, all rights under the certificate had been forfeited prior to the death of the insured, the contract evidenced by the certificate was not revived by the defendant's acceptance of a remittance after the death of the insured and in ignorance of that fact. Such act on its part is not the basis of an estoppel upon it in favor of either the insured or the plaintiff as the beneficiary named in the certificate. The insured could not have sustained a claim that there was an estoppel in his favor upon the defendant resulting from something the latter did after the former's death. He could not have relied or acted on something that did not happen while he was alive. The averments of the replication do not suggest that the plaintiff was led or induced to act or to omit action by the defendant's retention of the insured's remittance for 20 days or more after the receipt of it. An estoppel in her favor does not arise as the result of the conduct of another upon which she has not in any way relied or acted to her prejudice. If, at the time of the death of the insured, the certificate had, by a forfeiture for nonpayment of dues, ceased to be a continuing insurance, the forfeiture was not waived by the defendant's subsequent acceptance of arrearages and dues in ignorance of the delinquent member's death. "A waiver exists only when one with full knowledge of a material fact does or forbears to do something inconsistent with the existence of the right or of his intention to rely upon that right."—40 Cyc. 259. The defendant's

ignorance of Jones' death was ignorance of the material fact that it then had the benefit or advantage of the event which, by the terms of the contract, was to have imposed liability upon it having happened after Jones had forfeited all rights under the contract and before those rights had been restored or revived in any way. A contract which under its express terms had, by a default of one of the parties to it, ceased to impose any obligation on the other party to it is not revived by what the latter does after the former's death and in ignorance of that fact. A new contract is not made, nor is an old one revived, by what one party does after the death of the other party has terminated the latter's ability to contract or to be contracted with.—*Robinson v. Aetna Fire Ins. Co.*, 135 Ala. 650, 34 South. 18; *United Order of the Golden Cross v. Hooser*, 160 Ala. 334, 350, 49 South. 354; *Higgie v. American Lloyds* (D. C.) 14 Fed. 143; 29 Cyc. 187, note.

It seems that the result of this appeal would have been the same if the conclusion had been reached that the above-mentioned replication was not subject to the demurrer interposed to it. In the trial there was evidence tending to prove the averments of plea 13, and there was undisputed evidence to the effect that the clerk of the local camp sent, with a letter dated August 2, 1906, and addressed to the defendant's sovereign clerk at Omaha, Neb., Jones' application for reinstatement, with the amount of arrearages paid, accompanied by the applicant's statement, and also a statement of his attending physician showing that Jones had, at the time the application was made, a mentioned type of malarial fever, and that he was then convalescing; that this letter was received by the sovereign clerk on August 6, 1906; that A. B. Jones died on August 8, 1906, and that on August 16, 1906, the sovereign clerk, who at that

time had not been informed of the death of Jones, wrote a letter to the clerk of the local camp declining to accept the remittance and returning it, the letter stating that the communication of Jones' doctor went to show that at the time Jones applied for reinstatement he was convalescent, but had not recovered his usual good health. The evidence negatived the conclusion that, until the above-mentioned letter to the sovereign clerk was received by him on August 6, any one who had authority to bind the defendant by an estoppel or by a waiver of the forfeiture already incurred had an opportunity of electing between letting the forfeiture stand, and, with knowledge of the fact that the person who had been insured had forfeited his membership and his rights under the certificate issued to him and was not entitled to reinstatement, treating the insurance as still in force by accepting a payment known to be made for the purpose of effecting such reinstatement. There was no evidence that the sovereign clerk or any one else having authority to act for the defendant on that application took any action with reference to it, except that shown by the sovereign clerk's testimony and his letter of August 16th. Instead of that testimony and letter showing an acceptance and retention of the payment made, as alleged in the replication, they show a point-blank refusal to accept the tendered payment, and that the amount of it was returned to the person who sent it. A waiver of the forfeiture cannot be inferred from the mere silence and inaction of the sovereign clerk during the short interval between his receipt of the application on August 6th and the insured's death on August 8th. The defendant's authorized representative was not obliged to do or say anything to make effectual the forfeiture already incurred.

The question of waiver is mainly one of intention, and a waiver by one party to a contract of the right to avail himself of another party's forfeiture of his rights under it is not to be inferred in the absence of language or conduct of the former inconsistent with the existence of an intention on his part to insist on or claim the benefit of the forfeiture. "A waiver cannot be inferred from mere silence."—*Queen Insurance Co. v. Young*, 86 Ala. 424, 5 South. 116, 11 Am. St. Rep. 51; 40 Cyc. 261. The failure of the sovereign clerk to answer the letter and return the money before Jones died on August 8th was not at all incompatible with a purpose on his part, formed as soon as the application came under his notice, to reject it and return the money tendered. There was no evidence that he had a different intention at any time, or that anything said or done by him or by any one authorized to bind the defendant in the premises indicated a purpose not to claim the benefit of the forfeiture or was inconsistent with the existence of an intention to insist on it as a termination of all rights of the insured under the certificate. If, as a phase of the evidence tended to prove, the insured, by a nonpayment of dues, forfeited his membership and all rights under the certificate issued to him, and his application for reinstatement and payment of arrearages, made more than ten days after his suspension became effective, because of the falsity of his statement that he was in good health, did not entitle him to reinstatement, and he died before anything happened which had the effect of a waiver by the defendant of the forfeiture or of an estoppel upon it to deny that the insurance was in effect at that time, the result was that at that time no contract was in existence under which the death of Jones imposed any liability on the defendant, and it was then bound by no waiver of its right to set up the forfeiture nor by any

estoppel to insist on the prior termination of all liability under the contract sued on.   Even if a waiver of the forfeiture would have been effected by the sovereign clerk after the death of Jones, but in ignorance of that fact, manifesting a purpose to retain the money, though he was informed that Jones was not entitled to reinstatement, still it seems that the lapse of time before he wrote his letter on August 16th was not sufficient to warrant an inference that he had at any time during the interval elected to retain the money and thereby waive the forfeiture.—*Bennecke v. Connecticut Mutual Life Ins. Co.*, 105 U. S. 355, L. Ed. 990.   The court made rulings inconsistent with the views just stated.

As, under the evidence adduced in the trial, the fate of the case was dependent upon the defendant's failure or success in its effort to sustain the defense set up by plea 13, it is not deemed necessary to discuss questions presented for review other than those above considered.

Reversed and remanded.

(Note.—The foregoing opinion was prepared by Presiding Judge WALKER before his retirement from the Court of Appeals, and has been adopted by the court.)