(90 South. 801)

SOVEREIGN CAMP, W. O. W., v. TUCKER.
(6 Div. 276.)

(Supreme Court of Alabama. Oct. 27, 1921.)

Insurance ⬡⟶755(3) — Advice by clerk, on learning after insured's death of change to hazardous job, to remit extra premium to home office not waiver of requirement of notice of change and payment of extra premium.

In view of Acts 1911, p. 700, § 20, where, after death of member of fraternal beneficiary society, the clerk of the society's local camp for the first time learned from the member's widow that he had changed his occupation to one of a hazardous nature, requiring notice and additional premium, the clerk's friendly advice to the widow that she remit the extra premium to the society's attorney at the home office, and that if it was accepted it would be all right, was not a waiver of the policy provision requiring notice of change and payment of additional premium; her tender being promptly returned by the home office.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Ethel L. Tucker against the Sovereign Camp, Woodmen of the World, for the beneficiary life certificate issued upon the life of her husband. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

C. H. Roquemore, of Montgomery, for appellant.

Plea 7 was good, 80 Miss. 546, 32 South. 4. There was no waiver. Sov. Camp W. O. W. v. Allen, ante, p. 41, 89 South. 58. Under these authorities, defendant was entitled to the affirmative charge.

Chas. A. Calhoun and John T. Glover, both of Birmingham, for appellee.

Insurance is construed favorably to the assured, especially with reference to forfeiture. 160 Ala. 334, 49 South. 354; 127 Ala. 103, 28 South. 654; 143 Ala. 485, 38 South. 1011; 201 Mo. 467, 100 S. W. 443, 10 L. R. A. (N. S.) 140. The officers waived any forfeiture. 29 Cyc. 187, note 54; 26 Colo. 252, 58 Pac. 595; 132 Iowa, 513, 109 N. W. 1099, 7 L. R. A. (N. S.) 569, 11 Ann. Cas. 533. The local clerk was the agent of the society. 116 Iowa, 13, 89 N. W. 81; 177 U. S. 260, 20 Sup. Ct. 611, 44 L. Ed. 762; 24 Ind. App. 316, 56 N. E. 781,

79 Am. St. Rep. 262; 193 Ill. 91, 61 N. E. 916.

GARDNER, J. Appellant is a fraternal beneficiary society, and issues to its members benefit certificates of insurance. O. C. Tucker became a member of this fraternal organization, and in June, 1916, there was issued to him a certificate of insurance in the sum of $1,000, Ethel L. Tucker, his wife, who brings this suit upon said certificate, being designated the beneficiary therein. From a judgment for the plaintiff, defendant prosecutes this appeal.

The principal defense relied upon in the court below, and pressed for consideration here, was as follows: O. C. Tucker, at the time of the issuance of the certificate, was a car repairer, and obtained the rate of insurance accordingly. In December, 1917, he changed his occupation to that of switchman, and in November, 1918, met his death by accident while engaged in his work as switchman. The position of switchman is designated in the by-laws as a hazardous occupation, requiring additional premium rate. When Tucker changed his occupation to that of switchman no notice was given the local camp, or any officer or agent thereof, or of the defendant organization, nor was any additional assessment or rate paid. It was expressly provided that upon such change such was his (insured's) duty, and that upon failure to do so the certificate of insurance would become void. The various provisions of the laws of the order, and of the certificate and agreement of insured to abide thereby, and the binding force thereof, all appear in the following decisions of this court, wherein this organization was a party litigant, and need no repetition here: Sov. Camp, W. O. W., v. Virgie Allen (Ala. Sup.) 89 South. 58;[1] W. O. W. v. Alford (Ala. Sup.) 89 South. 528;[2] Sov. Camp W. O. W., v. Eastis, ante, p. 49, 89 South. 63; W. O. W. v. Maynor, ante, p. 176, 89 South. 750.

But, conceding that the certificate, under these undisputed facts in connection with the laws of the order, was void, appellee insists there has been a waiver of these provisions by the clerk of the local camp, one Priester. Section 20 of the act of 1911, p. 700, is found set out in the foregoing decision, and these authorities disclose the insufficiency of this insistence as an answer to the defense interposed.

The only waiver relied upon, however, is that the plaintiff, after the death of her husband, called upon Priester, the clerk of the local camp, and then for the first time the clerk learned there had been a change of occupation to one of a hazardous nature requiring notice and additional premium, and, upon being asked by plaintiff advice as to what to do, he told her to send the amount

of the additional assessment, $3.60, to the general attorney of defendant order in Nebraska, and that if it was accepted it would be all right, but "if they did not it would be all wrong." She forwarded the amount pursuant to the clerk's suggestion, and it was very promptly returned. The clerk of the local camp did not accept or receive this sum, nor was it accepted at the home office of defendant. The local clerk merely gave friendly advice, which was followed, but without result. No waiver in any event has been shown. Sov. Camp., W. O. W., v. Allen, supra. All premiums paid after change of occupation were tendered to plaintiff, and, upon being declined, were paid into court.

The affirmative charge should have been given at defendant's request, and for its refusal the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.