(93 South. 559)

## SOVEREIGN CAMP, W. O. W., v. GAY.
### (7 Div. 278.)

(Supreme Court of Alabama.    June 1, 1922.)

1. Insurance ⊚⟾763—Waiver of rules as to reinstatement of suspended member held prohibited. .

Where a member of a fraternal benefit association had, under the rules of the order, been automatically suspended for nonpayment of dues, it was beyond the power of the officials of the local camp to waive the rules as to reinstatement, in view of the laws of the order expressly given legislative sanction by Acts 1911, p. 700.

2. Insurance ⊚⟾825(2)—Evidence held to authorize submission of question of default in payment of assessment to jury.

In a suit by a beneficiary under a fraternal beneficiary certificate where suspension for nonpayment of dues was pleaded as a defense, evidence of two payments in one month *held* sufficient to authorize submission to the jury as to whether or not there was a default in the payment of the assessment for the following month.

3. Insurance ⊚⟾762—Knowledge of suspension held essential to reinstatement.

There could be no reinstatement of a suspended member of a fraternal benefit association without knowledge, on the part of the officer claimed to have reinstated the member of the member's suspension.

4. Insurance ⊚⟾750—Certificate rendered ineffective by default in payment of assessments.

Where the by-laws of a fraternal beneficiary association provided for automatic suspension for default in payment of dues for one month, no recovery could be had upon the certificate of a member dying while in default.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action on beneficiary certificate by George E. Gay against Sovereign Camp of the Woodmen of the World. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

C. H. Roquemore, of Montgomery, for appellant.

The defendant was entitled to the general affirmative charge. 17 Ala. App. 53, 81 South. 690; 206 Ala. 18, 89 South. 528; 206 Ala. 41, 89 South. 58; 206 Ala. 49, 89 South. 63; 206 Ala. 176, 89 South. 752; 206 Ala. 562, 90 South. 801.

Alto V. Lee and Inzer, Inzer & Lusk, all of Gadsden, for appellee.

The name of insured appearing in the official magazine of defendant under the head of "Honor Roll," as having died in the war, was an admission against interest, and made out a prima facie case that insured was a member in good standing at the time of his death. The affirmative charge was therefore properly refused. 81 South. 246; 204 Ala. 192, 85 South. 726; 77 South. 692; 201 Ala. 166, 77 South. 692; 204 Ala. 667, 86 South. 738.

GARDNER, J. Appellee brought this suit against the appellant upon a benefit certificate issued by it upon the life of Margie Gay, in which the appellee was named as beneficiary.

The certificate is dated July 9, 1917, and Margie Gay paid the assessment thereon until he left in October, 1917. The plaintiff, who was a brother of Margie Gay, was at that time clerk of the local camp at Gadsden, and continued the payments for his brother. At the end of the year 1917, however, he ceased to be clerk of the camp, and was succeeded by one Murphy; the latter being succeeded as clerk in October, 1918. The plaintiff insists that he has paid the installments due on this certificate, but as to the time of payment his testimony is not clear. The receipts offered in evidence disclose that many of the payments were made after they became due, and while under the constitution and by-laws of the order his brother, Margie Gay, was under suspension. The dues were payable the first day of each month, and if not paid by the first day of the following month the member was held suspended, and it is provided by the by-laws and constitution of the order that "during such suspension his beneficiary certificate shall be void." The provisions of these laws pertinent to the question here under consideration will be found set out in the case of Sovereign Camp, W. O. W., v. Adams, 204 Ala. 667, 86 South. 737, and need not here be restated.

[1] The laws of the order further provide, however, that a payment of such dues within a period of 10 days following such suspension serves to reinstate the member, if in good health. After the expiration of such 10

days, however, the reinstatement is conditioned upon the payment of the dues and filing with the clerk of the local camp a certificate as to good health duly witnessed. The undisputed evidence discloses that the assessment due for the month of May was not paid until June 14, 1918, and that no certificate as to good health was filed with the clerk of the local camp. The condition for reinstatement therefore was not met. True the local camp subsequently received payment of the dues made by the plaintiff, and the evidence would suffice to show that, so far as the officials of the local camp were concerned, there had doubtless been a waiver of such provision. The laws of the order, however, expressly prohibit such waiver, and these provisions have been given legislative sanction in this state. Acts 1911, p. 700; Sovereign Camp, W. O. W., v. Allen, 206 Ala. 41, 89 South. 58; W. O. W. v. Maynor, 206 Ala. 176, 89 South. 751; Sovereign Camp v. Tucker, 206 Ala. 562, 90 South. 801; Sovereign Camp v. Adams, supra.

[2] The testimony of the clerks of the local camps and the receipts issued to the plaintiff disclose that the dues for August and September were not paid until October 2, 1918, and that Margie Gay was killed in France on September 18, 1918. This being accepted as true, there could of course have been no reinstatement on account of suspension due to a failure to pay the August assessment. But plaintiff's counsel insist that the books show two payments made in July, and this, in view of plaintiff's testimony, would suffice for submission of the question to the jury as to whether or not there was in fact such default in the August assessment. The evidence in support of this insistence is more or less confusing and uncertain, but under the scintilla doctrine existing in this state, we may concede a question for the jury was presented. The plaintiff, however, does not deny, and the evidence is without dispute that the May assessment was not paid until June 14.

[3] The evidence shows that one J. T. Gates was what is known as sovereign clerk, and ex officio secretary of the Sovereign Camp, W. O. W., with headquarters at Omaha, Neb., and as such officer had the authority to reinstate suspended members. The learned trial judge was of the opinion that the evidence was sufficient for the jury to find that this officer had reinstated Margie Gay as a member. This evidently upon the theory that he had been recognized as a member of the order by the home office, his name appearing upon the roll of honor, as one having been killed in the World War, in the magazine publication of the Woodmen of the World, called the Sovereign Visitor. But there could be no reinstatement without a knowledge on the part of the officer of the suspension of the member. True, the home office received payments, but the reports from the local camp do not show that Margie Gay had ever been suspended; as it is conceded by counsel for appellee in their brief, where they say that—

"Nowhere in any of these reports would it appear that Margie Gay was ever reported to the Sovereign Camp as having been behind or delinquent in the payment of his dues or assessments."

Had the evidence been sufficient to have justified the jury in reaching the conclusion that the sovereign clerk had notice of the suspension of Margie Gay, there would have been foundation for the plaintiff's insistence. The report of his death to the home office was received from the clerk of the local camp, and his name published in the Sovereign Visitor from information thus furnished; but we find nothing in the record to justify the inference that this officer had knowledge or notice of the former suspension of the member.

[4] We are therefore constrained to hold that under the provisions of the by-laws and constitution, which were binding upon the insured, at the time of his death he had been suspended, and his beneficiary certificate rendered ineffective.

It therefore results that the defendant was entitled to the affirmative charge, and the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.