(96 South. 67)

## ALLEN v. SOVEREIGN CAMP, W. O. W.
### (6 Div. 803.)

(Supreme Court of Alabama. April 12, 1923.)

1. **Insurance** ⚙⇒755(3)—**Forfeiture by change of occupation held not waived.**

In view of Acts 1911, p. 713, § 20, where one insured under fraternal benefit certificate failed to notify the clerk of the local camp of his change to a more hazardous occupation and to pay additional assessments on account, thereof, as required by the by-laws, the fact that the clerk discovered, several months before insured's death, that he had changed his occupation, but continued to collect the premiums as theretofore, did not waive the forfeiture, where the clerk advised insured, on learning of the change of occupation, that he should pay additional assessments.

2. **Insurance** ⚙⇒755(3)—**Evidence held not sufficient to put officers of order on notice insured had forfeited rights under certificate.**

The fact that the clerk of a local camp of defendant fraternal association was from 5 to 30 days late in forwarding premiums collected by him to the sovereign officers of defendant order held not of itself sufficient to put such officers on notice that the insured' had in fact forfeited his rights under the certificate by failure to notify the clerk and pay the additional assessment on account of his change of occupation.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Virgie Allen against Sovereign Camp of the Woodmen of the World. Judgment for defendant, and plaintiff appeals. Affirmed.

Goodwyn & Ross, of Bessemer, for appellant.

The insured took out the policy in 1906, and the act of 1911 is not retroactive as to said contract. W. O. W. v. Alford, 206 Ala. 18, 89 South. 528; Supreme Ruler, etc., v. Darwin, 201 Ala. 687, 79 South. 259; B. of L. F. & E. v. Milner, 193 Ala. 68, 69 South. 10. The knowledge of an agent, obtained while acting within the line and scope of his employment, is considered the knowledge of the insurance company. Nat. L. & A. Ins. Co. v. Jackson, 18 Ala. App. 347, 92 South. 201; N. W. Aid Ass'n v. Bodurtha, 23 Ind. App. 121, 53 N. E. 787, 77 Am. St. Rep. 414; Goodwin v. Provident, etc., Ass'n, 97 Iowa, 226, 66 N. W. 157, 32 L. R. A. 473, 59 Am. St. Rep. 411; Carroll v. Charter Oak Ins. Co., 10 Abb. Prac. (N. S.) 166.

C. H. Roquemore, of Montgomery, for appellee.

No brief reached the Reporter.

GARDNER, J. Suit upon a benefit certificate payable to the appellant, issued by the appellee, a fraternal beneficiary society.

---

At the conclusion of the evidence the court gave the general affirmative charge for the defendant at its written request. From the judgment following, the plaintiff prosecutes this appeal.

Upon the former appeal in this cause (Sov. Camp, W. O. W., v. Allen, 206 Ala. 41, 89 South. 58), it was held that the defendant fraternal society was entitled to the affirmative charge upon the undisputed evidence in the case upon the theory that the insured had changed his occupation to that of a hazardous one without giving the notice required by the laws of the order to the local clerk of the camp, and without paying the additional assessment required therefor. The change to a hazardous occupation had occurred about seven years prior to the death of the insured—all of which is fully set forth in the opinion on former appeal. It was expressly pointed out that the by-laws provided that upon failure of insured to notify the clerk within 30 days of such change and to pay the additional assessment of 30 cents on each thousand dollars in addition to the regular assessment, "he shall stand suspended, and his benefit certificate shall be null and void."

The plaintiff's insistence that there had been a waiver is, we think, fully answered upon the former appeal.

The evidence upon this appeal is not materially different, but, in our opinion, in substance and effect, is practically the same. Two points of differentiation are pointed out by counsel in brief: One that witness Baty upon this last trial was not a witness for the plaintiff, and therefore she was not bound by his testimony. His testimony, however, is, in the record, substantially what he testified upon former trial, and we are not shown where it has been contradicted.

[1, 2] The next point of difference as between the two records, it is insisted by plaintiff, is that the testimony of witness Jones was that the clerk of the local camp, Baty, was informed that insured was employed as a railroad flagman for several months prior to the death of insured, and notwithstanding such knowledge continued to collect the premiums on the policy as had been his custom theretofore, and that Baty was accustomed to sending the premiums to the Sovereign officers of the defendant order from 5 to 30 days late. But these matters of difference do not materially affect the question that for all this time the insured had been in default in his duty, and under the express provisions of the by-laws he stood suspended, and the benefit certificate null and void. Moreover, Baty, the clerk, still insists in his testimony that at the time he learned the insured had changed his occupation to a hazardous one, he advised that he pay the additional assessment. Clearly, the fact that Baty was from 5 to 30 days late in forwarding premiums collected by him to the Sovereign officers was not of itself sufficient to put such officers on notice that the insured had in fact forfeited his right by failure to notify the clerk and pay the additional assessments on account of his change of occupation. Sov. Camp, W. O. W., v. Gay, 207 Ala. 610, 93 South. 559.

Whatever may be said as to the retroactive effect of the Acts of 1911, p. 713, § 20, there is nothing therein that disturbed any vested right of the insured in the instant case. The laws of the order prohibited the waiver by such local officers at the time the benefit certificate was issued, and whatever might have been the holding in regard to such provision before the passage of the act of 1911, they were given legislative sanction by said act, and were clearly binding thereafter. W. O. W. v. Alford, 206 Ala. 18, 89 South. 528.

The holding on the former appeal is decisive of the case and discloses that the plaintiff was not entitled to recover upon the undisputed evidence. Therefore the two questions of pleading referred to need no separate consideration.

The judgment appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.