(97 South. 654)

## YARBROUGH v. SOVEREIGN CAMP, W. O. W. (4 Div. 79.)

(Supreme Court of Alabama. Oct. 11, 1923.)

1. Insurance ⬅755(2)—Acceptance of delinquent assessments by local clerk not binding on association.

Under Acts 1911, p. 700, the acceptance of delinquent assessments due under a benefit certificate by a local clerk has no binding effect upon the order itself.

2. Insurance ⬅763—Conditions as to reinstatement of benefit certificate may be waived.

Conditions relating to the reinstatement of a lapsed benefit certificate may be waived by the supreme officer.

3. Insurance ⬅763—Condition for reinstatement held not waived by acceptance of assessments after death of insured.

Acceptance and retention by the Sovereign Clerk of a benefit association of delinquent assessments on a benefit certificate more than three weeks after the death of insured with knowledge of the facts held not to constitute a waiver of conditions for reinstatement which would retroactively revive the policy.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by Dovie Yarbrough against the Sovereign Camp of the Woodmen · of the World. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Farmer, Merril & Farmer, of Dothan, for appellant.

There can be no more force in an agreement in writing not to agree by parol than a parol agreement not to agree in writing. Every such agreement is ended by the new one which contradicts it. Sec. Mut. L. I. Co. v. Riley, 157 Ala. 553, 47 South. 735. Acts 1911, p. 700, does not prevent the alter ego of the defendant from waiving a forfeiture. Engineer's Mut. L. & A. Ins. Ass'n v. Hughes, 202 Ala. 466, 80 South. 850; Beiser v. W. O. W., 199 Ala. 41, 74 South. 235. A receipt of a premium after a breach of a condition has occurred is a waiver of the forfeiture. U. O. G. C. v. Hooser, 160 Ala. 334, 49 South. 354; Mobile Life Co. v. Pruett, 74 Ala. 487.

H. K. Martin, of Dothan, for appellee.

The insured and the beneficiary are charged with knowledge of the limitation upon the authority of affairs of the benefit society. M. W. A. v. Tevis, 117 Fed. 369, 54 C. C. A. 293; Galvin v. K. of F. M., 169 Mo. App. 496, 155 S. W. 45; Day v. Supreme Forest, 174 Mo. App. 260, 156 S. W. 721; Crowley v. A. O. H., 222 Mass. 228, 110 N. E. 276. There can be no waiver of forfeiture after death of the member. Bennett v. Sov. Camp (Tex. Civ. App.) 168 S. W. 1023; Carlson v. Supreme Council, 115 Cal. 466, 47 Pac. 375, 35 L. R. A. 643; Clark v. Met. Life, 107 Mich. 160, 65 N. W. 1; Smith v. Sov. Camp, 179 Mo. 119, 77 S. W. 862; Dillon v. Nat. Council, 244 Ill. 202, 91 N. E. 417.

GARDNER, J. Appellee is a fraternal beneficiary society, and issues to its members benefit certificates of insurance. The husband of appellant became a member of the order, taking out a benefit certificate payable to her, and upon which she brings this suit. This appeal brings for review the rulings of the trial court upon the pleadings. It is not deemed necessary to specifically treat these pleadings and the rulings thereon, but a general statement of the facts therein disclosed will suffice.

The certificate was issued on the life of H. W. Yarbrough on February 7, 1920. Insured defaulted in the payment of the assessment due on January 1, 1921, and his suspension from the order followed on February 1st thereafter, the benefit certificate becoming void. On March 14, 1921, an effort was made to reinstate said Yarbrough by paying assessments for January, February, and March, 1921, to the clerk of the local camp; insured being sick on that date, and dying six days later. There was no written statement or certificate of health, but the local clerk accepted the payment for purposes of reinstatement.

[1] It is not controverted that under the previous decisions of this court, construing Acts 1911, p. 700, the action of the local clerk was without any binding effect upon the defendant order. Sov. Camp v. Gay, 207 Ala. 610, 93 South. 559. However, on April 14, 1921, the clerk of the local camp forwarded these past-due assessments to the Sovereign Clerk, and the money was "received and accepted and retained" for the purpose of reinstating said Yarbrough. It is therefore insisted that, as these funds were retained by the sovereign officer, the alter ego of the defendant order, with a knowledge of the facts as to the sickness and death of the insured, this constituted a waiver as to any condition of reinstatement. One of the con-

ditions as to reinstatement was the good health of the insured. The rules and regulations governing such question appear in the pleading, and have been reproduced in previous decisions of this court, and need not be here repeated. Sov. Camp v. Gay, supra; Sov. Camp v. Adams, 204 Ala. 667, 86 South. 737; Sov. Camp v. Tucker, 206 Ala. 562, 90 South. 801.

[2] Upon the question of waiver by its officers as to the rules of an order of this character, so as to bind the order, there appears to be a diversity of opinion. See authorities cited in Sov. Camp v. Allen, 206 Ala. 41, 89 South. 58. But this court, in Sov. Camp v. Eastis, 96 South. 866,[1] held there may be such binding waiver by the supreme officer, the alter ego of the order, and had indicated to like effect in the Gay Case, above cited.

[3] We are of the opinion, however, that no such binding waiver is shown by the averments of the pleadings in this case. The waiver is predicated merely upon the retention by the Sovereign Clerk of these past-due assessments after knowledge of the facts, and reliance is had upon Sec. Mut. Life Ins. Co. v. Riley, 157 Ala. 553, 47 South. 735, but that case is not here analogous. The funds representing these past-due assessments were not forwarded to the Sovereign Clerk until more than three weeks after the death of the insured. Confessedly, while the insured was in life the certificate was void, and no reinstatement had become effective. The receipt and retention of the funds after the death of the insured could not serve the purpose of thus retroactively reviving the void certificate. As said in Bennett v. Sov. Camp (Tex. Civ. App.) 168 S. W. 1023:

"A reception of this money by the clerk after his [insured's] death could have no retroactive effect in the way of reviving the policy."

To like effect see Dillon v. Knights of Security, 244 Ill. 202, 91 N. E. 417; Carlson v. Sup. Council, Am. Legion of Honor, 115 Cal. 466, 47 Pac. 375, 35 L. R. A. 643.

Indeed, the question seems to have been decided by this court in Sov. Camp. v. Eastis, supra, wherein it was in effect held that no waiver of binding force was shown, for the reason that "at the time of the receipt and inspection of the certificate as to the reinstatement of Eastis by the Sovereign Clerk, said Eastis was dead," citing Cherokee Life Ins. Co. v. Brannum, 203 Ala. 146, 82 South. 175, to which might also be added Sov. Camp v. Jones, 11 Ala. App. 433, 66 South. 834.

The conclusion is reached, therefore, that the court correctly ruled, and the judgment is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.