### SOVEREIGN CAMP OF WOODMEN OF THE WORLD v. BROOKINS.  (4 Div. 919.)

(Court of Appeals of Alabama.  April 8, 1924. Rehearing Denied June 24, 1924.)

**1. Insurance ⊚⇒753(1) — Refusal to accept amount of dues tendered, estopped order from forfeiting certificate.**

Where member, as he had a right to do, tendered dues for twelve months, but the local clerk of defendant order accepted only a part

of the dues tendered, defendant was estopped from forfeiting the certificate for nonpayment of dues during the period for which the tender was made unless and until it recanted its refusal and advised the members of that fact.

### 2. Insurance ☞694(1)—Fair dealing required between order and its members.

The law requires fair dealing between a benefit association and its members, the same as between an insurance company and its policy holders.

### 3. Insurance ☞826(1)—Charge on question of payment of dues held proper.

A charge .that, if deceased member paid clerk of local camp of defendant order a sufficient amount to pay dues and assessments, and all required charges, 'to carry him through the month of January, and at the time of his death in February did not owe any assessment or dues, then beneficiary was entitled to recover, *held* proper.

### 4. Witnesses ☞236(1)—Question propounded to beneficiary's attorney as to receipts claimed to be lost held not objectionable.

In action on beneficiary certificate, question to beneficiary's attorney whether he had receipts purporting to have been issued by defendant between certain dates, and evidencing payment of dues, and whether such receipts were those witness testified about as being lost, *held* not improper nor confusing.

### 5. Trial ☞143—Affirmative charge properly refused, evidence being conflicting.

Where the evidence was in conflict on the issues submitted, charges asking affirmative instructions were properly refused.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action on a beneficiary certificate by Mary L. Brookins against the Sovereign Camp of the Woodmen of the World. Judgment for plaintiff, and defendant appeals. Affirmed.

C. H. Roquemore, of Montgomery, for appellant.

Counsel argue for error, citing Sov. Camp v. Jones, 11 Ala. App. 433, 66 South. 834; Hardy v. Sov. Camp, 17 Ala. App. 53, 81 South. 690; Sov. Camp v. Ballard, 19 Ala. App. 411, 97 South. 895; Sov. Camp v. Adams, 204 Ala. 667, 86 South. 737; Sov. Camp v. Eastis, 206 Ala. 49, 89 South. 63; Woodmen of the World v. Alford, 206 Ala. 18, 89 South. 528; Woodmen of the World v. Maynor, 206 Ala. 176, 89 South. 750; Allen v. Sov. Camp, 209 Ala. 236, 96 South. 67; Sov. Camp v. Eastis, 210 Ala. 29, 96 South. 866.

O. S. Lewis, of Dothan, for appellee.

Tender being made and refused, appellant is estopped to claim forfeiture. Sov. Camp v. Allen, 206 Ala. 41, 89 South. 58; N. Y. L. I. Co. v. Norris, 206 Ala. 656, 91 South. 595.

SAMFORD, J. The plaintiff in this case is claiming on a "beneficiary certificate" issued by the defendant to Lonzy L. Brookins, as a member of defendant order, and payable to plaintiff as beneficiary, in the sum of $1,000. There was also a clause in the certificate providing for the payment of a $100 monument fund, but the jury failed to find for the plaintiff on this latter claim, thereby eliminating all questions in this appeal pertaining thereto. The defendant, in answer to the amended complaint, filed five pleas joining issue on the complaint, and especially pleading forfeitures of all benefits by reason of nonpayment of dues. To these pleas plaintiff, after joining issue, filed replication setting up an estoppel on the part of defendant, alleging an offer to pay the dues before the same were due to defendant's clerk and a refusal by the clerk to accept same. To these replications defendant filed a rejoinder of confession and avoidance. The court overruled the defendant's demurrers to plaintiff's replications A, B, and C. The plaintiff's demurrer to defendant's rejoinder was overruled. Issue was joined.

[1, 2] The first question presented is the ruling of the court on defendant's demurrers to plaintiff's replications A, B, and C. If the facts alleged in the replications are true, no forfeiture or rights under the policy could be invoked by defendant on that account, unless defendant recants its refusal and advises the member of the fact, manifesting a willingness to accept the tender as of the time it was seasonably made. Or, in this case, if the deceased member, Brookins, went to the local clerk in September, tendered him the amount of all dues for 12 months from that time, as he had a right to do under the constitution and by-laws of the order, and the local clerk would only accept a part of the money tendered, refusing to take the balance, the defendant would be estopped from forfeiting the certificate for a nonpayment of dues during the period for which the tender was made, unless and until defendant recanted its refusal and advised Brookins of that fact. N. Y. Life Ins. Co. v. Norris, 206 Ala. 656, 91 South. 595. The law requires fair dealing between an order and its members, just as it does between an insurance company and its policy holders. The demurrers to the replications were properly overruled.

The issues were then comprised in the complaint, defendant's pleas, the plaintiff's replications, and the defendant's rejoinder. There was evidence tending to prove the complaint. The testimony as to the pleas was in conflict. There was evidence from

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

which the jury might find that the dues for January, 1920, had been paid by the insured. There was also testimony tending to support the replication. The evidence on the rejoinder was in conflict. The court gave to the jury a clear, concise, simple charge on the law of the case in line with the rule declared by this court in similar cases and on similar contracts. Sov. Camp, W. O. W., v. Jones, 11 Ala. App. 433, 66 South. 834; Hardy v. Sov. Camp, W. O. W., 17 Ala. App. 53, 81 South. 690; Sov. Camp, W. O. W., v. Ballard, 19 Ala. App. 411, 97 South. 895.

[3] On the question of the payment of dues, the court charged the jury:

"If at the time Mr. Brookins went to the clerk of the local camp for the purpose of paying his annual assessment, if at that time he paid to the clerk of the local camp a sufficient amount of money to pay his dues and assessments, and all charges he would be required to pay to the lodge, to carry him through the month of January and at the time of his death in February, 1920, he did not owe the lodge any assessment or any dues, then in that event the plaintiff in this case would be entitled to a verdict at your hands."

This charge was supported by the evidence in the case, was not abstract, and was in line with the foregoing decisions.

[4] When plaintiff's witness Judge Lewis was being examined, he was asked this question:

"Did you have receipts purporting to have been issued by the clerk of Camp No. 583, W. O. W., of Taylor, to L. L. Brookins from July, 1916, to September 19, 1919, and are those the receipts that you have testified about as being lost?"

This question was objected to on the ground:

"The question is confusing; he can't testify he had receipts from 1916 to 1919; he cannot prove the execution of the receipt by McKay in that manner,"

—and motion was made to exclude the answer on the same ground stated, excluding all others. The question was perfectly clear in its meaning, and hence not confusing. The effort was not to prove the execution of the receipts, but that receipts existed. It was competent that Judge Lewis, as attorney for plaintiff, had had these receipts in his possession.

[5] The evidence being in conflict on all the issues submitted to the jury, the several charges asking affirmative instructions were properly refused.

Giving to the finding of the trial court the presumptions to which it is entitled, we cannot say the trial court erred in overruling the motion for a new trial.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

BRICKEN, P. J., not sitting.