(127 So. 847)

## SOVEREIGN CAMP, W. O. W., v. COX.
### 6 Div. 365.

Supreme Court of Alabama.
April 10, 1930.

C. H. Roquemore, of Montgomery, for appellant.

H. M. Abercrombie and Jim Gibson, both of Birmingham, for appellee.

FOSTER, J.

Decedent had been a member of the defendant fraternal benefit order with a certificate of insurance for about twenty years before his death on February 22, 1926. His membership was in the home office or camp at Omaha, Neb., though he resided in Alabama, and he remitted dues direct to that office. His local camp had been disbanded.

He paid dues for December, 1925, but did not pay them for January, 1926. The constitution and by-laws, a part of the contract of insurance, provided that if a member fails to make payment of his monthly dues "on or before the last day of the month, he shall thereby become suspended, his beneficiary certificate shall be void, and the contract between such person and the society shall thereby completely terminate." Although this provision of the constitution and by-laws may not be sufficiently pleaded on *account of the failure to set out its terms* (Continental Ins. Co. v. Parkes, 142 Ala. 650, 39 So. 204; Norwich Union Fire Ins. Society v. Prude, 156 Ala. 565, 46 So. 974), the court overruled demurrer to defendant's plea, alleging that decedent was suspended at the time of his death on account of his failure to pay the dues of January, 1926.

The evidence without dispute shows the failure to pay such dues, and that there was such a provision as we have cited, and that it was a part of the contract. Such evidence shows an automatic suspension of the member, not a right to elect to do so. Sov. Camp, W. O. W., v. Gay, 207 Ala. 610, 93 So. 559; Sov. Camp, W. O. W., v. Allen, 206 Ala. 41, 89 So. 58; Yarbrough v. Sov. Camp, W. O. W., 210 Ala. 188, 97 So. 654; Sov. Camp, W. O. W., v. Carrell, 20 Ala. App. 340, 101 So. 914. Without more, defendant was in that state of the case entitled to the general affirmative charge.

But there was in evidence another provision of the constitution and by-laws to the effect, in short, that any such suspended member, "if in good health, may within ninety days from the date of his suspension again become a member" by paying all proper installments and assessments to date, with the further stipulation that such payment shall warrant that he is then in good health and that he will remain so for thirty days thereafter, and it shall be a contract that the payment shall not waive any of the provisions of that section until the Sovereign Camp shall receive notice that he "was not in good health when he attempted to again become a member," and that the receipt of such payment when he is not in good health shall not make him a member. Another section (66-b) provides that an "attempt by a suspended person to again become a member shall not be effective for that purpose unless such person be in fact in good health at the time and continues in good health for thirty days thereafter."

Plaintiff undertook, by replications, to show a reinstatement under the terms of such provisions. The court sustained demurrer to them, and thereupon issue was joined on defendant's pleas. The fact that the court charged the jury in respect to the right of plaintiff to show reinstatement or a waiver of his suspension does not change the issues. This situation is not within the authority of Best Park Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929; Fed. Auto Ins. Ass'n v. Meyers, 218 Ala. 520, 119 So. 230; Adler v. Miller, 218 Ala. 674, 120 So. 153.

Appellant was entitled to have the case tried on the issues made by the pleadings. Whether the court erred in overruling demurrers to the pleas, or in sustaining them to the replications, is not presented on this appeal. Without dispute defendant proved his third plea, and was entitled to the affirmative charge. But if issue had been joined on a good and sufficient replication alleging a reinstatement under the rules we have referred to, the same result would follow in our judgment.

The proof of death furnished by plaintiff showed that decedent was taken sick of pneumonia February 14, 1926, and died February 22, 1926. It appears that on February 19, 1926, there came to the post office of decedent a notice from the head office signed by the sovereign clerk. At that time decedent was sick of pneumonia. The notice was received by the postmistress, who was the cousin of decedent and daughter of plaintiff. She, on the next day, February 20th, of her own accord, returned the notice with a remittance of the amount necessary. This remittance was received at the home office February 24th, according to the undisputed evidence, and in the meantime, and on February 22d, the member died. The defendant had no notice of his illness nor death until March 9, 1926, when notice of his death was received in the home office. On February 24th the sovereign clerk mailed a receipt for the payment which had been sent by this cousin of deceased. She testified that the notice she received for decedent on February 19th was a double postcard, and that she returned it with the remittance. That it had nothing on it about the suspension of the member for failing to pay dues, but it stated "his January dues were due and not paid."

The evidence for defendant tended to show that instead of such notice on a postcard, a formal letter dated February 13, 1926, was mailed to him, that it merely notified him of his suspension for failing to pay the January dues, and there was printed on it the provisions directing the manner of reinstatement to which we have referred; that this letter was returned with the remittance of February 20th, received February 24th.

The court charged the jury that if they are "reasonably satisfied from the evidence that defendant accepted the money, the installment of assessment for the month of January 1926, during the life time of Davis, and intended by the acceptance of said money to recognize Davis, the insured, as a member of defendant society in good standing, then, under that state of facts, if you are reasonably satisfied from the evidence that they are true, you would be authorized to return a verdict in favor of plaintiff." While there was not exception to this charge, it shows the view of the case as entertained by the trial court. It leaves out all question of notice by defendant of the ill health of decedent. For the purposes of another trial, and assuming that the issues are properly raised by the pleading, we entertain the opinion that under the evidence plaintiff would not be entitled to a verdict. This may be predicated upon several grounds. In order for such payment to operate a reinstatement, if that is the proper term under the quoted provisions of the rules, the insured must be in good health when the payment is made. That means received at the proper office. But the only evidence of his condi-

tion when the money was *sent* is that he had pneumonia, and that he was dead before it was received. It must be received while he is in good health, and he must remain so for thirty days thereafter in order to be completely and unconditionally restored to membership, according to the constitution and by-laws. The receipt of the money is expressly stated to be on those conditions. If the money is received at the head office, and retained with notice of his ill health, but while he is still alive, that may be a waiver of the condition as to ill health, but not so without such notice at that time. Sov. Camp, W. O. W., v. Jones, 11 Ala. App. 433, 66 So. 834; Hardy v. Sov. Camp, W. O. W., 17 Ala. App. 53, 81 So. 690; Sov. Camp, W. O. W., v. Allen, 206 Ala. 41, 89 So. 58; Sov. Camp, W. O. W., v. Carrell, 20 Ala. App. 340, 101 So. 914.

But there was no evidence of the receipt of such notice of ill health by the defendant until after his death, when a refund of the dues which had apparently been received February 24th was immediately offered.

 Taking as true the version given by plaintiff's witness as to the nature of the notice received February 19th, the same result follows. It was not such a demand for payment or notice of default as admits an unconditional reinstatement by a compliance with it. It must be considered in the light of the fact that they are both presumed to know that, by the constitution and by-laws, such payment is not the only condition of reinstatement. That was only one of the conditions, and its compliance was but one step. It is quite well understood that if the company with knowledge of a breach negotiates with assured as though the policy were still in force, and induces the assured to incur trouble or expense, it thereby waives the right to claim the forfeiture. Sov. Camp, W. O. W., v. Allen, 206 Ala. 41, 89 So. 58; Sov. Camp, W. O. W., v. Jones, supra. But, after the occurrence of facts causing the suspension, the company will not be estopped to deny it, nor to waive the unfulfilled conditions of a reinstatement by negotiations which recognize the right to reinstate, and even by accepting one of the conditions without notice that the others cannot or will not be complied with. This principle is also in effect expressly so stated in the provisions of the constitution and by-laws fixing the right to be reinstated.

 If there may be an inference that, notwithstanding a denial, the amount of the dues was received in Omaha, the home office, before February 22d, when insured died, the presumption, in the absence of proof, is that the defendant received and retained it in accordance with the terms of the right to reinstate, and as incidental to the other necessary conditions. And, if in fact the dues were not received by defendant until February 24th, after the death of insured, as shown by the uncontradicted evidence, such receipt and retention of the dues after his death could not retroactively revive the void certificate. Yarbrough v. Sov. Camp, W. O. W., 210 Ala. 188, 97 So. 654; Sov. Camp, W. O. W., v. Eastis, 210 Ala. 29, 96 So. 866; Sov. Camp, W. O. W., v. Jones, supra; Sov. Camp, W. O. W., v. Carrell, supra.

On the evidence submitted, therefore, we conclude that appellant was entitled to the affirmative charge.

Our judgment is that it is not necessary to consider the other assignments of error, as they will not likely occur on another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.